In the Interest of E.B.

No. 09–97–400 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 10, 1998.

Decided Feb. 12, 1998.

---

David M. Cook, Lufkin, for appellant.

Guy James Gray, Criminal Dist. Atty., Delinda Gibbs, Asst. Criminal Dist. Attys., Jasper, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This now moot appeal is from an Order to Administer Psychoactive Medication entered by the County Court of Angelina County, Texas. The Order appealed from was signed September 11, 1997, and became moot prior to appellant filing his brief.

On September 18, 1997, appellant filed Notice of Appeal from the September 11, 1997 Order. This September 11, 1997 Order was entered as affirmative relief to a Petition for Order to Administer Psychoactive Medication filed by Dr. David Larned and derived from a Judgment of the Court for Temporary Court-Ordered In Patient Mental Health Services, (following jury verdict), signed September 9, 1997, from The County Court of Jasper County, Texas. We note that the Jasper County order of commitment was for a period "not to exceed 90 days." Thus, upon the expiration of the said "90 days," appellant could no longer be held under the commitment order nor subject to the medication order based on the provisions contained in TEX. HEALTH & SAFETY CODE ANN. § 574.110 (Vernon Supp. 1998), which provides:

An order issued under Section 574.106 expires on the expiration or termination date of the order for temporary or extended mental health services in effect when the order for psychoactive medication is issued.

The original operative order of commitment expired 90 days from September 9, 1997.

Section 574.108 of the Health and Safety Code offers no assistance to appellant. Section 574.108 provides:

(a) A patient may appeal an order under this subchapter in the manner provided by Section 574.070 for an appeal of an order requiring court-ordered mental health services.

(b) An order authorizing the administration of medication regardless of the refusal of the patient is effective pending an appeal of the order.

Though § 574.108 appears to offer appellant some form of due process, in actual practice, however, it does not, for by the time appeal is perfected and briefs filed, the commitment order most likely has expired by its own terms.

Since this appeal is now moot, we hereby dismiss same.

APPEAL DISMISSED.